fied the judgment is affirmed at appellee's costs. The cause is remanded to the Common Pleas Court for execution.

*Judgment modified, and, as modified, affirmed.*

HUNSICKER, J., concurs.

FESS and DEEDS, JJ., of the Sixth Appellate District, and HUNSICKER, J., of the Ninth Appellate District, sitting by designation in the Second Appellate District.

DEEDS, J., dissenting. It is my opinion that Section 483 of the Civil Aeronautics Act requiring carriers by air to file "tariffs showing all rates, fares and charges for air transportation between points served by it," etc., did not authorize the carrier to limit its liability under the law as established and applicable in determining the air carrier's responsibility in the circumstances as shown to exist by the evidence in this case, and it is therefore my view that the judgment of the trial court should be affirmed. *Texas & Pac. Ry. Co.* v. *Mugg,* 202 U. S., 242, 50 L. Ed., 1011, 26 S. Ct., 628; *Chicago & Alton Rd. Co.* v. *Kirby,* 225 U. S., 155, 56 L. Ed., 1033, 32 S. Ct., 648; *Southern Pacific Co.* v. *United States,* 272 U. S., 445, 71 L. Ed., 343, 47 S. Ct., 123; *United States* v. *Atlantic Mutual Ins. Co.,* 343 U. S., 236, 96 L. Ed., 907, 72 S. Ct., 666.

THE STATE OF OHIO, APPELLANT, *v.* HAYCOOK, APPELLEE.

184

(No. 5570—Decided April 24, 1957.)

*Mr. Russell Leach,* city attorney, and *Mr. Bernard T. Chupka,* city prosecutor, for appellant.
*Mr. Russell H. Volkema,* for appellee.

BRYANT, J.   Ollie Mae Haycook was arrested on April 16, 1955, by a state game protector and taken before a justice of the peace of Mifflin Township, Franklin County, Ohio, and charged with violation of Section 1533.32, Revised Code, in that she did "unlawfully while fishing in the waters of the state of Ohio to wit:   Alum Creek fail to exhibit her valid Ohio fishing license."   On the back of the affidavit and warrant her address is given as 1478 Sunbury Road, Columbus, Ohio.

There is a dispute as to what transpired in the court of the justice of peace.   On the back of the affidavit appears the following statement:   "Defn't says she is guilty of the offence [*sic.*]."   Also appearing in the file is an affidavit by defendant stating, without reservation, "that she did not plead guilty to the charge that was made against her, to wit: fishing without a license."   However, this affidavit was not executed until June 28, 1955, more than 60 days after the proceedings in court.   The nearest to a bill of exceptions in this case is an unsigned document written in pen and ink, reading as follows:

"Guilty Plea.   Game protector states at about 10:45 a. m., 4/16/55 in Alum Creek just south of the Valley Dale came upon a woman in the center of the stream with a rod and reel fishing.

Called her to bank & ask for license. She said I don't have a license. Ask where she lived she states at 1478 Sunbury Rd. Ask if owned property she stated no they rented it. Ask if rented the house & ground she stated rented the house only not the ground.

"Minimum fine of $15 & costs imposed. Defn't called husband at Grove City. I talked with him & he states he would be right up with the fine & costs. An hour later a Mr. Ray Geddes of Grove City, attorney, called & states he think the proceeding our [are] not legal.

"Sent defn't to county jail by constable Baughman. Defn't stated knew should have license. Had no money to get same."

Also appearing in the file is a printed form, apparently one of the original papers in the case used by the justice of peace, which indicates that the charge against Ollie Mae Haycook was case No. 154, in docket C, that she was brought to trial at 11:15 a. m. on April 16, 1955. This slip also contains the printed words, "Read charges—signed wavier—swore in—plea not guilty by court—," and each was checked. This slip also discloses that the defendant is a female, white and twenty-five years of age, that a fine of $15 was imposed, none of which was suspended, and that costs amounting to $12.75 were added, making a total of $27.75, which was paid in cash on April 16, 1955.

As above pointed out and so well stated by the court below, the record is filled with uncertainties. However, the record does state that the defendant says she is guilty of the offense, and it further indicates that a plea of not guilty was entered by the court. The file also discloses that the defendant was committed to the county jail and later discharged after the fine and costs had been paid. It cannot be said, therefore, that the defendant waived any rights by the payment, where it was clearly made to effect release from actual imprisonment.

While the matter was still pending in the court of the justice of peace on a motion to vacate the judgment, the state law was amended and the further jurisdiction in the case was taken away from the justice of peace and transferred to the Columbus Municipal Court, where, upon original hearing and upon rehearing, the defendant's motions to vacate the judgment were overruled.

An appeal was taken to the Common Pleas Court, where the judgment of the Municipal Court was reversed and the cause remanded with instructions to permit the defendant to enter her plea to the affidavit. The city attorney, in his brief, makes the following statement of facts:

"Ollie Mae Haycook was arrested on the 16th day of April, 1955, for fishing without a license on Alum Creek. The case was tried before a justice of peace * * *. A waiver of jury was signed by the defendant and a plea of guilty was entered. Thereupon the justice of the peace fined her a total of $27.75, costs included."

This statement by the city attorney is consistent with the informal pen and ink statement above set forth, and would indicate that Ollie Mae Haycook, at the time of her arrest, was not the possessor of a fishing license. If so, then the wrong charge was filed against her, for it is only "licensed" fishermen who are required, while fishing, to carry such license and exhibit it. Another provision of the statute deals with those who fish without a license. The portion of the statute this defendant is charged with violating is Section 1533.32, Revised Code, providing in part as follows:

"Every *licensed* fisherman shall, while fishing, carry his license and exhibit it to any person." (Emphasis added.)

It is the contention of the city attorney, which is supported in some degree by the record in this case, that the defendant entered a plea of guilty. This is hotly contested by the attorney for the defendant. But even if the contention of the city attorney is right, it is no help to him for the reason that when and if this defendant pleaded guilty it was the duty of the justice of the peace to bind the case over to the Common Pleas Court. He had absolutely no authority to proceed to levy a fine and costs. Section 2937.10, Revised Code, is applicable here and provides in part as follows:

"If the complaint is not made by the party injured and the accused pleads guilty, the magistrate shall require the accused to enter into a recognizance to appear before the proper court."

It is well settled that, under such circumstances, a game protector is not an injured party, and hence upon a guilty plea it became the duty of the justice of peace to bind this case over

to the grand jury. This disregard of the statute renders null and void all subsequent proceedings of the justice of the peace.

This appeal was originally on questions of law and fact but, upon motion of the defendant, to dismiss, it was retained as an appeal on questions of law. An interesting question might well have arisen had this motion been directed to the right of the city attorney to appeal in light of the provisions of Section 2953.14, Revised Code, giving such power to the prosecuting attorney or the Attorney General.

The city attorney, in his brief, makes the following statement:

"Although this appeal is on questions of law only, we believe that it is necessary to reveal to this court that the affidavit filed by a Weldon Hawkes, the porported [*sic.*] owner or manager of the property located at 1478 Sunbury Road, is not only misleading but is false in fact. Mr. Hawkes is not the manager or the owner of this property but merely a tenant at sufference [*sic.*]. Furthermore, the true manager of the property, John O. Buckingham, administrator of Burt E. Buckingham, has no knowledge that a Ollie Mae Haycook is occupying the premises nor does he receive rent from the Haycook's or Hawkes."

To this, the defendant makes the following reply:

"* * * this appellate court ruled that this case would be retained on questions of law only. If the plaintiff-appellant had any additional facts to submit for the court's consideration, it should have done so at the hearing in the lower court. Any other procedure acquiesced to would make the appellate court a trier of facts and would nullify the importance of the trial court. The allegations of the plaintiff-appellant, on page 2 of its brief, are merely statements of counsel, they have absolutely no place in the appellate brief and should be completely disregarded by this appellate court. If this court would, for some reason, wish to inquire into the question of whether or not the defendant-appellee was a bona fide renter of the property involved, the defendant-appellee will prove that he originally rented the said property from Burt Buckingham, now deceased, having receipts of him for same; that upon his death, Mr. Hawkes was given the authority to collect the rents and care for the property."

There is some discussion in the briefs as to whether a license was required. The exception set forth in the statute is very broad. The owner may fish without a license on any land "over, through, upon, or along which any water flows or stands." It also applies to the "members of the immediate families of such owners," and "to tenants actually residing upon such lands, and to the members of the immediate families of such tenants."

Although it would appear that the defendant may well be a member of the family of the tenant, that is a matter of fact and the court cannot determine facts from statements contained in the briefs and not supported by evidence in the record.

We agree with most of the findings of the court below except that we are unable to see what useful purpose would be served by a reopening of the case in the Municipal Court. The fine and costs were void and should be returned to the defendant. Judgment of conviction should be set aside and the cause dismissed.

*Judgment reversed.*

PETREE, P. J., and MILLER, J., concur.